

**FILED**
DISTRICT COURT OF GUAM
JUL 13 2005
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| JOCESER J. LAGO,<br><br>Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Criminal Case No. 02-00027<br>Civil Case No. 04-00019<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br>**[28 U.S.C. § 2255]** |

Joceser J. Lago ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. After careful consideration of the moving, opposing, and replying papers, the Court finds no basis for the relief as requested and DENIES the motion.

**I.    BACKGROUND**

On June 19, 2002, Petitioner entered into a plea agreement with the government and on July 31, 2002, Petitioner pled guilty to one count of Conspiracy to Import Crystal Methamphetamine (in excess of 50 grams), in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 963. At the time of his plea, Petitioner stipulated that he participated in a conspiracy to import drugs into Guam. Petitioner assisted in and profited from the mailing of several packages containing methamphetamine from California into Guam. Plea Agreement, ¶ 8. Additional documentation provided by the government in its answer to the motion reveals that the conspiracy also included plans to smuggle drugs from the Philippines into Guam. In exchange for concessions made by the government in the plea agreement,

Petitioner expressly and knowingly waived his right to appeal the conviction and agreed not to collaterally attack the conviction in any post-conviction proceeding, including a petition for a writ of habeas corpus. Plea Agreement, ¶ 13. Petitioner also agreed to cooperate fully with the United States. *Id.* at ¶ 2.

On May 16, 2003, the Court sentenced Petitioner to 135 months imprisonment. The judgment of conviction was entered on May 22, 2003. Petitioner did not file a notice of appeal within ten (10) days after the entry of the Court's judgment. Thus, his conviction became final on June 1, 2003. *See* Fed. R. App. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000). On April 9, 2004, Petitioner, *pro se* and incarcerated, brought this motion under § 2255.[1] Petitioner claims that in light of the Ninth Circuit's June 6, 2003 decision in *United States v. Cabaccang*, 332 F.3d 622, *clarified by* 341 F.3d 905 (9th Cir. 2003) (en banc), his conviction is invalid. Also, Petitioner claims ineffective assistance of counsel and incorrect application of the sentencing guidelines.

## II. WAIVER

In Petitioner's plea agreement, Petitioner clearly and explicitly waived his right to collaterally attack his conviction. Plea Agreement, ¶ 13. The only avenues left open for attack are the validity of the plea agreement or an appeal of the sentence. Petitioner contests neither the validity of his plea agreement nor his sentence. Instead, Petitioner seemingly argues that his conviction is void and the resulting sentence is not authorized by law.

However, upon review of the plea agreement, it is clear that Petitioner knowingly waived his right to make such an argument and to file a § 2255 motion. The right to file a § 2255 petition is statutory and, thus, may be waived as part of a plea agreement. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). When entering into the plea agreement with Petitioner, the government bargained for the benefit of knowing that the conviction against Petitioner would not be disturbed by, for example, a subsequent change in the Ninth Circuit's interpretation of the importation statute. Although *Cabaccang* changed the Ninth Circuit's interpretation of the law concerning importation,

---

[1] As Petitioner brought the § 2255 motion within one year following the date on which the judgment of conviction became final, Petitioner's motion is timely. *See* 28 U.S.C. § 2255, ¶ 6(1).

the *Cabaccang* holding was not so novel and surprising that it was not within the contemplation of the defendant and defense counsel at the time of the plea. *See Cabaccang*, 332 F.3d at 632 (citing *United States v. Ramirez-Ferrer*, 82 F.3d 1131, 1137 (1st Cir. 1996)). Additionally, because the plea agreement expressly waives the right to file a § 2255 motion, the Court can only assume that such a waiver was critical to the agreement.

As previously noted, Petitioner's waiver does not extend to a challenge of the validity of his plea agreement. A guilty plea may be attacked as involuntary if the record reveals that "neither the defendant, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged." *See Bousley v. United States*, 523 U.S. 614, 619, 118 S. Ct. 1604, 1609 (1998). However, Petitioner does not claim that the plea agreement is invalid. This Court cannot *sua sponte* change Petitioner's attack on his conviction into an attack on his plea agreement. *United States v. Barron*, 172 F.3d 1153, 1158 (9th Cir. 1999). Because Petitioner's plea agreement expressly waives his right to collaterally attack his sentence and because Petitioner does not attack the validity of that plea agreement, Petitioner's § 2255 motion is improper.

### III. PROCEDURAL DEFAULT

Even if Petitioner had not expressly waived his right to attack his conviction, Petitioner has procedurally defaulted his claim. Prior to filing the instant § 2255 motion, Petitioner never appealed his sentence or conviction on any ground. "In failing to do so, [P]etitioner procedurally defaulted the claim[s] he now presses." *See Bousley*, 523 U.S. at 621, 118 S. Ct. at 1610. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Id.* at 622, 118 S. Ct. at 1611.

Petitioner provides no explanation for failing to raise earlier the claims of ineffective assistance of counsel and incorrect application of guidelines. Habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994). Thus, Petitioner cannot now raise these claims.

With respect to Petitioner's *Cabaccang* argument, the mere fact that *Cabaccang* changed the Ninth Circuit's interpretation of the law is not sufficient cause to excuse procedural default. As the

Supreme Court has clearly stated, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35, 102 S. Ct. 1558, 1573 n.35 (1982)). Although futility generally cannot constitute cause, the facts of this case particularly demonstrate that futility cannot excuse Petitioner's default. Petitioner was sentenced on May 16, 2003, less than one month before the Ninth Circuit's *Cabaccang* decision. At the sentencing hearing, the *Cabaccang* issue was mentioned by both defense counsel and the district court. Yet Petitioner did not preserve the issue by filing an appeal. Thus, Petitioner cannot demonstrate cause for his procedural default.

Additionally, Petitioner cannot and does not attempt to demonstrate that he is actually innocent of the charge of importation. To demonstrate actual innocence, Petitioner has the burden of showing that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). In order to rebut a claim of actual innocence, "the Government is not limited to the existing record" and "should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during the petitioner's plea colloquy." *Id.* at 624, 118 S. Ct. at 1611-12. Here, Petitioner has not even attempted to argue or make any evidentiary showing of his factual innocence. This alone precludes the Court from excusing his procedural default on the basis of actual innocence.

Furthermore, the factual basis in the plea agreement and additional documentation submitted by the government suggests that Petitioner would not be able to establish actual innocence if he attempted to do so. The factual basis in the plea agreement establishes that Petitioner was either living with or at least doing business with a Cooperating Defendant ("CD"). Plea Agreement, ¶ 8. On a number of occasions, when a Confidential Informant ("CI") would place a monitored telephone call to the CD, Petitioner would answer. *Id.* The factual basis clearly implicates Petitioner, the CD, and the CI in a conspiracy to transport crystal methamphetamine or "ice" into Guam from California by way of the United States Postal Service. The factual basis also leaves open the possibility that the conspiracy involved plans to smuggle drugs into Guam from the Philippines: "On February 6, 2002, the CI placed a monitored telephone call to the CD. The [Petitioner] answered the phone and

- 4 -
Case 1:04-cv-00019 Document 2-1 Filed 07/13/05 Page 4 of 5

said that the CD had left for the Philippines and was going to stop in Guam before proceeding to the Philippines." *Id.* When the CD arrived in Guam, but before he proceeded to the Philippines, he was arrested. *Id.* In opposition to Petitioner's motion, the government submitted a Customs Investigation Report, which indicates that there were actual plans to smuggle drugs into Guam via the Philippines. In fact, the report suggests that Petitioner would have gone to the Philippines with the CD if Petitioner were not on probation. Petitioner was also hoping to receive money from the CD when the CD returned from the Philippines. Although the factual basis and the evidence submitted by the government do not conclusively establish that the conspiracy involved plans to import drugs from the Philippines, when taken together with Petitioner's failure to argue that he is factually innocent, they seriously undermine any potential claim of actual innocence. Thus, Petitioner's procedural default cannot be excused by actual innocence.

## IV. DISPOSITION

For the reasons stated above, the Court DENIES Petitioner's motion.

IT IS SO ORDERED.

DATED: July 7, 2005

_____
DAVID O. CARTER
United States District Judge*

Notice is hereby given that this document was entered on the docket on 7-13-05.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: Marilyn B. Alcon  7-13-05
Deputy Clerk    Date

---

*The Honorable David O. Carter, United States District Judge for the Central District of California, by designation.